JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Kenneth Foster appeals from his conviction for trafficking in cocaine in violation of R.C. 2925.03(A)(1). In three assignments of error, Foster argues that his conviction was based upon insufficient evidence and was against the manifest weight of the evidence, and that the trial court erred by allowing his statement to be used for impeachment when the state had not disclosed the statement in discovery.
In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether the evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1] When reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2925.03(A)(1) provides that no person shall knowingly sell or offer to sell a controlled substance, including cocaine. After reviewing the evidence, we conclude that the state presented adequate evidence that Foster had trafficked in cocaine. Moreover, we cannot say that the jury lost its way in finding Foster guilty. Accordingly, we overrule the first two assignments of error.
In his third assignment of error, Foster argues that the trial court erred by allowing his statement to be used for impeachment, when the state had failed to disclose the entire statement in discovery. The trial court sanctioned the state for its failure to provide the statement by not allowing the state to use Foster's statement in its case-in-chief. But Foster claims that the court's decision to allow the state to use his statement for impeachment affected his decision not to testify. Because Foster did not testify, the jury did not hear Foster's statement.
A trial court does not abuse its discretion in admitting evidence undisclosed in discovery, unless the record shows that the prosecutor's discovery violation was willful, that foreknowledge would have benefited the accused in preparing his defense, or that the accused was unfairly prejudiced.[3]
The Ohio Supreme Court, in dealing with the second prong of this test, has made it clear that a bald assertion that foreknowledge would have benefited the defendant in the preparation of a defense is insufficient to demonstrate that the trial court committed reversible error.[4]
In this case, trial counsel for the defendant agreed that the prosecutor's discovery violation was not willful. Moreover, Foster did not show how foreknowledge of this particular statement would have benefited his defense. Accordingly, we overrule Foster's third assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Gorman, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[3] See State v. Otte, 74 Ohio St.3d 555, 1996-Ohio-108,660 N.E.2d 711, citing State v. Scudder (1994), 71 Ohio St.3d 263,643 N.E.2d 524.
[4] See State v. Lewis (Apr. 30, 1997), 1st Dist. No. C-960095, citing State v. Wiles (1991), 59 Ohio St.3d 71,571 N.E.2d 97.